## JOHNSON *v.* BRANDAU.

---

TRADEMARKS; DESCRIPTIVE NAMES; TRADENAMES.

1. The word "asbestos," as applied to shoes made of leather and asbestos, is descriptive of the goods manufactured; and its registration as a trademark, for that reason, is prohibited.

2. One who has used a word as a tradename, and has built up a considerable trade in his goods to which he has applied the word, although he is not entitled to ownership of it as a trademark, is entitled to oppose the application of another for the registration of the name as a trademark. (Following *Kentucky Distilleries & Warehouse Co.* v. *Old Lexington Club Distilling Co.* 31 App. D. C. 223.)

3. Where an application for registration as a trademark for shoes made of leather and asbestos, of a picture of an ass, over which is the applicant's name, and across which, in large letters, is the word "asbestos," while underneath is the word "fireproof," is opposed by a manufacture of fireproof shoes, who claims the use of the word "asbestos" as a tradename for his shoes, and the opposition is demurred to by the applicant on the grounds, among others, that the word "asbestos" is descriptive, and therefore not registerable, that applicant does not claim the word to be an essential feature of his trademark, and that the Commissioner has no right to determine which feature

is the essential one of applicant's mark, it is error for the Commissioner to sustain the demurrer on the ground that while the word "asbestos" alone is descriptive, it is only a subordinate feature of applicant's mark, which contains matter far more striking than the word; but under such circumstances registration should be denied, with leave to applicant to amend by disclaiming and omitting the word objected to.   (Citing *Re Standard Underground Cable Co.* 27 App. D. C. 320, and *Re Hopkins,* 29 App. D. C. 118.)

No. 534.   Patent Appeals.   Submitted November 18, 1908.   Decided January 5, 1909.

HEARING on an appeal from a decision of the Commissioner of Patents sustaining a demurrer to an opposition to registration of a trademark.                                              *Reversed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from the decision of the Commissioner of Patents sustaining a demurrer to an opposition to the registration of a trademark.

On May 22, 1907, Adam Brandau filed an application for the registration of a trademark used on molder's shoes manufactured of leather and asbestos.   The description and the drawing filed with this application show the picture of an ass, above which, in a curved line, appear the words, "A Brandau's" in large printed letters.   In a straight line, across the figure of the ass, appears the word "Asbestos," in large printed letters, and in smaller letters, immediately under the same, appears the word "Fireproof."   Below the figure appear the words, in a curved line and in large printed letters, "Molder's Shoes."

The application was passed for allowance after the required publication, and on August 19, 1907, Charles W. Johnson filed an opposition thereto.   In this he alleges the use of the word "asbestos" as a tradename applied to boots and shoes of heat-resisting fireproof qualities, since early in 1903; and the registration of the tradename "Asbestos Shoe" under the laws of many of the States.   That his shoe has been known from the first as the "Asbestos Shoe."   That these shoes have been de-

signed especially for the molder's trade, and are well known to the trade as the "Molder's Original Asbestos Shoe." That the applicant, Brandau, well knew of opponent's sole and exclusive use of the word "asbestos" as a tradename applied to boots and shoes, and used this word as a part of the trademark for which he has made application for registration for the purpose of securing trade already established by opponent among molders for his "Asbestos Shoe." He further says that, having a large and constantly increasing trade in the several States in which his trademark has been registered, if applicant is allowed to register his trademark containing the word "asbestos" his use thereof would greatly damage opponent's business. The applicant demurred to this statement of opposition on the following grounds: (1) It appears by the opponent's showing that he is not entitled to the relief, prayed; (2) it appears by said opposition that opponent alleges that if applicant is permitted to use the word "asbestos," or "Asbestos Shoes:" "By what authority has the opponent the exclusive right to use the word 'asbestos,' or the words 'Asbestos Shoe?' The word 'asbestos' is a common word, as is also the word 'shoe.' The word 'asbestos' alone, as applied in this case, is descriptive, and if not descriptive it is deceptive, and if either descriptive or deceptive is not registerable subject-matter for trademark registration in the United States Patent Office." (3) That applicant does not claim the word "asbestos," or the words "Asbestos Shoe" to be the essential feature of his trademark, and the Commissioner has no right to determine which feature is the essential one of applicant's mark.

The Examiner expressed the opinion that the word "asbestos" as used by the applicant is descriptive, because he describes his goods as made of leather and asbestos. That as the opponent does not state the material of which his shoe is made, the word as employed by him is, if not descriptive, deceptive. That as the word "asbestos" is the only matter in common between the parties, and cannot be exclusively appropriated by either, but may be used by anyone, it is not seen how the opposer can be damaged by the registration of the applicant's mark "which contains

this word as an element." He expressed the further opinion
that "asbestos" is not the essential feature of the applicant's
mark. "There is other matter in the mark which is far more
striking that the word 'asbestos,' and the fact that the applicant
happens to use this descriptive term in conjunction with other
matter does not render the mark as an entirety unregisterable."
He then sustained the demurrer, and adjudged the applicant
entitled to registration.

On appeal to the Commissioner this decision was affirmed.
The Commissioner discussed the question at greater length, but
took substantially the same ground as the Examiner. After
quoting some of the provisions of the statute, he said:

"By virtue of this provision of the statute, registration of a
trademark is permitted where the controlling and distinguish-
ing feature of the mark is an arbitrary symbol, although such
symbol may be accompanied by accessories which in themselves
are not registerable. This being the case, it follows that, al-
though the opposer may show that he has used the word 'asbestos'
since 1903, which is prior to the alleged date of adoption of the
applicant's mark, in connection with goods of the same descrip-
tive properties as those sold by the applicant, such use would
not prevent the registration by the latter of a mark which in-
cludes the word "asbestos" merely as a descriptive and subord-
inate feature, since any manufacturer of asbestos goods has the
right to describe his goods by that term, and the inclusion of this
word by the applicant in his trademark would not cause legal
damage to the opposer."

\*      \*      \*      \*      \*      \*      \*      \*      \*

"The second ground of the notice of opposition raises a ques-
tion of unfair competition, which it is well settled will not be
considered in any opposition proceeding.

"It is also urged by the opposer that, the applicant having
admitted by his demurrer that the word "asbestos' is descriptive,
registration of the mark should be refused. This is not one of
the grounds of opposition, and the question is not, therefore,
before me, but it may be noted that the applicant is not seeking
to regist the word 'asbestos' alone. Upon the contrary, the

word 'asbestos' as disclosed in the applicant's mark is merely an accessory, and not the controlling feature of the mark."

*Mr. Thos. E. Robertson* and *Mr. Benj. R. Johnson* for the appellant.

*Mr. H. P. Doolittle* and *Mr. Geo. C. Shoemaker* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The word "asbestos" is clearly descriptive of the goods manufactured by each party. Being descriptive, its registration as a trademark is prohibited by the statute. It is therefore open to use by the public at will, subject, of course, to such limitations as may be imposed by the courts in cases involving unfair competition.

The opposer in this case is not attempting to secure registration of the word for himself. Claiming to have used it as a tradename prior to its adoption by the applicant, and to have built up a considerable trade in his goods, he opposes its registration as an exclusive trademark, under sec. 6 of the statute, as a "person who believes he would be damaged by the registration." If registration be allowed, it becomes prima facie evidence of the applicant's ownership of it as a valid trademark, under sec. 16 of the act, in any action which he may institute against the opposer or others who may use the word as a general tradename for similar articles of goods. Having used the word as such a tradename, although not entitled to ownership of it as a trademark, we think it is permissible for the opposer to make opposition to the registration by the applicant. *Kentucky Distilleries & Warehouse Co.* v. *Old Lexington Club Distilling Co.* 31 App. D. C. 223, 228.

We come now to the question whether the registration applied for amounts to the registration of the word "asbestos" as the trademark, or as an essential feature of the trademark. The Examiner of Interferences and the Commissioner

held that it does not. As we have seen from the parts of their decision hereinbefore recited, the Examiner thought that there was other matter in the mark, as applied for, "far more striking" than the word "asbestos," and, though happening to use the word in conjunction with other matter, that fact does not render the mark unregisterable as an entirety. The Commissioner regards it "merely as a descriptive and subordinate feature" of the applicant's trademark. The "far more striking matter" of the trademark, referred to by the Examiner, necessarily indicates the figure of the ass, for the other word printed in connection with "asbestos," namely, "fireproof," is equally, if not more certainly, descriptive. The applicant describes with particularity what he has used and what he wishes to have registered as his trademark. He not only described his trademark, but also filed a drawing in which the figure and words appear. He does not limit his claim to any particular feature of the drawing, or claim one as the essential feature of the mark, as he might have done. See *Re Standard Underground Cable Co.* 27 App. D. C. 320, 324. In that case the applicant asked registration for the word "eclipse," and was denied because he did not claim it and show it in his drawing as accompanied by a certain accessory figure and words shown on a label which he had used, but limited his claim to the said word as the essential feature of his trademark. In reversing that decision, Mr. Justice Duell, who delivered the opinion of the court, said: "We do not think that Congress intended to confer upon the Commissioner of Patents authority to say to an applicant how much or how little of the embellishments appearing in connection with what may be called the essential feature of a trademark form an actual part of the trademark. Rather do we think that this right of selection and designation rests with the applicant." It is to be noted, also, that the applicant, in the third ground of his demurrer, himself denied the right of the Commissioner "to determine which feature is the essential one of applicant's mark."

The applicant deliberately selected and carefully designated the trademark having the descriptive word printed in large letters across, and partly obscuring, the figure of the ass. He there-

by made it an actual and prominent feature of his trademark, claiming the same as an entirety. He made all essential, and, as we have seen, denied the Commissioner's right to determine that any one was the essential feature, and another accessory and subordinate. Under these conditions it was not for the Commissioner to say that the word "asbestos" was an unessential feature and to be regarded as mere surplusage. The registration, if granted, would show no such exception or qualification on its face, and the prima facie right accorded to registration would apply to the mark as an entirety as shown in the application and drawing.

We have recently affirmed a decision of the Commissioner denying registration to a trademark showing the figure of an eagle, with the words "Oriental Cream" printed above it, and described as "Oriental Cream associated with an eagle holding a scroll in its beak." "Oriental" was held to be a geographical term prohibited by the statute. *Re Hopkins,* 29 App. D. C. 118. The figure of the eagle was as conspicuous in that case as is the figure of the ass in this; and the words descriptive of the nature of the goods were printed above it, so that it was in no wise obscured. There was no suggestion that, because the figure was registerable, the words could be treated as merely accessory. When an applicant describes and illustrates his trademark, and applies for its registration as so described, the Commissioner must likewise consider it in its entirety. We are of the opinion that, in this case, he should have denied registration as claimed, giving the applicant, at the same time, an opportunity to amend by disclaiming and omitting the word objected to.

For the reasons given, we must reverse the decision sustaining the demurrer to the opposition. It is so ordered, and that this decision be certified to the Commissioner of Patents.

*Reversed.*