## NAIRN LINOLEUM CO. *v.* RINGWALT LINOLEUM WORKS.

---

TRADEMARKS; DESCRIPTIVE WORDS; PRIOR USE AS A TRADENAME; DISCLAIMER.

Where, upon an opposition being made to the registration as a trademark of a mark consisting of a fanciful geometrical figure between the words "Ringwalt's" and "Linoleum," on the ground of prior use of

the word "linoleum" as a tradename by the opposer, the applicant amended his application by disclaiming the two words apart from the geometrical figure, it was *held*, reversing a decision of the Commissioner dismissing the opposition, that the words were not registrable under the Trademark Act, one being the name of an individual and the other descriptive of the goods with which it is used, or the character of such goods; that the opposer had a sufficient interest to justify his opposition; that the effect of granting the application, notwithstanding the disclaimer of the applicant, would be to give him all the benefits of registration, as the mark which would go out to the public would contain the prohibited words; and that the applicant should have been required to omit the objectionable matter from his mark.   (Citing *Natural Food Co.* v. *Williams*, 30 App. D. C. 348; *Johnson* v. *Brandau*, 32 App. D. C. 348; *Electro Steel Co.* v. *Lindenberg Steel Co.* 43 App. D. C. 270; and *Fishbeck Soap Co.* v. *Kleeno Mfg. Co.* 44 App. D. C. 6.)

No. 1057.   Patent Appeals.   Submitted November 16, 1916.   Decided February 5, 1917.

HEARING on an appeal from a decision of the Commissioner of Patents dismissing an opposition to the registration of a mark as a trademark.                                *Reversed.*

The facts are stated in the opinion.

*Mr. Frank F. Reed, Mr. E. S. Rogers,* and *Mr. F. M. Phelps* for the appellant.

*Mr. Hans v. Briesen, Mr. Fritz v. Briesen,* and *Mr. Clowry Chapman* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

This is an appeal from a decision of the Patent Office dismissing appellant's (the opposer's) opposition to the registration by the appellee (the applicant) of the following mark:

In its application as originally filed, appellant, Nairn Linoleum Company, alleged use of the mark since the year 1912, in connection with the manufacture and sale of linoleum and oilcloth. Thereupon the examiner ruled that linoleum, being the name of and hence descriptive of a well-known product, was not susceptible of registration. However, it was suggested that the word "should be removed from the drawing, or disclaimed." Applicant thereupon amended its petition by disclaiming the words "Ringwalt's" and "Linoleum," "apart from the mark shown in the drawing."

Thereafter the opposer, Ringwalt Linoleum Works, filed its notice of opposition, alleging the following: (a) That it had been engaged in the manufacture and sale of linoleum for a number of years and had built up a large business; (b) that the word had been recognized for upwards of forty years as descriptive, and that opposer's product always had been advertised and described as linoleum; (c) that applicant's product is not in fact linoleum, but deceptively made to resemble it; (d) and finally, that "by reason of the foregoing, opposer believes that it will be damaged" by the proposed registration. To this opposition the applicant filed a motion to dismiss.

The Examiner of Interferences attempted to distinguish this case from several cases decided in this court, on the ground that this applicant "is not seeking to register the word 'Linoleum,' but has expressly alleged that it makes no claim to that word 'apart from the mark shown in the drawing' which accompanies its application, and which includes the word 'Ringwalt's' and a fanciful geometrical figure." The Examiner was of opinion that the registration of this mark "would not result in any personal injury to the opposer if the disclaimer of the word 'Linoleum' is to be regarded as effective." The Examiner then considered the question of alleged fraudulent use of the word by the applicant and made a recommendation to the Commissioner that the applicant be required to furnish a verified showing as to the character of the goods upon which it used the mark, but nevertheless dismissed the opposition. The Assistant Commissioner ruled that the opposer had not alleged a trademark

use, and on the question of alleged fraudulent use of the mark by the applicant ruled that the word "Linoleum" had been too narrowly interpreted; in other words, that it properly applied to applicant's product.    The Examiner's decision, therefore, was affirmed.

An application thereafter was made to amend the notice of opposition, but this was denied.

The Trademark Act of Feb. 20, 1905 (33 Stat. at L. 724, chap. 592, Comp. Stat. 1916, § 9485), prohibits the registration of a mark consisting merely in the name of an individual, firm, or corporation not written, printed, impressed, or woven in some particular or distinctive manner or in association with the portrait of an individual, "or merely in words or devices which are descriptive of the goods with which they are used, or of the character or quality of such goods."    The intent of Congress is plain, and it is our duty to give it force and effect.    In *Natural Food Co.* v. *Williams,* 30 App. D. C. 348, we sustained an opposition to the registration of the words "Shredded Whole Wheat" as a trademark for biscuits or crackers, although it was not claimed or shown that the opposer used the words as a trademark.    We said: "That he [the opposer] did not use the words as a trademark, but merely in a descriptive sense, is of no moment.    He, in common with all other manufacturers of shredded whole wheat, had the same right to properly designate their product as did the Natural Food Co.," the applicant.    In *Johnson* v. *Brandau,* 32 App. D. C. 348, where an attempt had been made to incorporate as a feature of the trademark the word "Asbestos," the opposition was sustained, although the opposer had used the words merely as a tradename.    The court, speaking through the Chief Justice, said: "If registration be allowed, it becomes prima facie evidence of the applicant's ownership of it as a valid trademark    *    *    *    in any action which he may institute against the opposer, or others who may use the word as a general tradename for a similar article.    *    *    * Having used the word as such a tradename, although not entitled to ownership of it as a trademark, we think it is permissible for the opposer to make opposition to the registration by the

applicant." The court further said: "When an applicant describes and illustrates his trademark, and applies for its registration as so described, the Commissioner must likewise consider it in its entirety. We are of the opinion that in this case he' should have denied registration as claimed, giving the applicant at the same time an opportunity to amend by disclaiming and *omitting* the word objected to." This rule was reaffirmed in *Electro Steel Co.* v. *Lindenberg Steel Co.* 43 App. D. C. 270. Again, in *Fishbeck Soap Co.* v. *Kleeno Mfg. Co.* 44 App. D. C. 6, where, as here, an attempt had been made to register prohibited matter by filing a so-called disclaimer in the Patent Office, we said: "The fact that the appellee has filed a disclaimer is of no consequence. * * * The disclaimed would slumber in the archives of the Patent Office, while the mark would be used as registered. That is to say, the disclaimer would make no difference to the public. Such a subterfuge ought not to be permitted."

The facts alleged by the opposer clearly bring this case within the rule laid down in the first three cases above cited, for opposer alleges that for a number of years it has been extensively engaged in the manufacture and sale of linoleum, which it always has advertised and described as such; in other words, that it has used this mark as a tradename, as it has a right to do. This is a sufficient averment of interest, since under the statute no one may abridge that right. The tribunals of the Patent Office evidently failed to distinguish between the attempted registration of a technical trademark and a descriptive name. In the former, the opposer must show actual trademark use; in the latter, a showing of use as a tradename is sufficient.

Irrespective, therefore, of the question of alleged fraudulent use of the mark by the applicant, we are clearly of opinion that the opposition should have been sustained. The statute prohibits the registration of descriptive words, and yet the effect of the action of the Patent Office would be to give the applicant all the benefits of a registration, for the mark which would go out to the public would contain the prohibited words and, as stated in *Fishbeck Soap Co.* v. *Kleeno Mfg. Co.* supra, the dis-

claimer would slumber in the archives of the Patent Office. Indeed, but for the prohibited words there really would be no mark at all, since there would remain the entirely meaningless black figure. It is perfectly apparent that this meaningless black figure was employed as a vehicle by which there could be incorporated in the mark prohibited descriptive matter. Having in mind, therefore, the intent and purpose of the Trademark Act, we repeat what we said in *Johnson* v. *Brandau,* 32 App. D. C. 348, that the applicant should have been required to omit the objectionable matter from its mark.

The decision is reversed.                              *Reversed.*

Mr. Justice GOULD, of the Supreme Court of the District of Columbia, sat with the Court in the hearing and determination of this appeal, in the place of Mr. Chief Justice SHEPARD.