D. C.]                              Opinion of the Court.

# ATLAS UNDERWEAR COMPANY *v.* B. V. D. COMPANY.

TRADEMARKS; OPPOSITION.

Trademark use of, or a superior right to use, a mark by an opposer, is
   not necessary to sustain an opposition. It is enough if the opposer
   shows that he used the mark in connection with his business prior
   to the applicant's coming into the field, and that he will probably
   be damaged if the mark is registered on the application of his ad-
   versary. (Following *Natural Food Co.* v. *Williams*, 30 App. D. C.
   348; *H. W. Johns-Manville Co.* v. *American Steam Packing Co.* 33
   App. D. C. 224; *Electro Steel Co.* v. *Lindenberg Steel Co.* 43 App.
   D. C. 270.)

No. 1195. Patent Appeals. Submitted January 15, 1919. Decided
                           March 3, 1919.

HEARING on an appeal from a decision of the Commissioner
of Patents sustaining the opposition to the registration of a
trademark.                                          *Affirmed.*

The facts are stated in the opinion.

*Mr. C. H. Duell* and *Mr. F. P. Warfield* for the appellant.

*Mr. Hans V. Briesen* for the appellee.

Mr. Chief Justice SMYTH delivered the opinion of the Court:

The B. V. D. Company opposed the application of the Atlas
Underwear Company for the registration of a trademark for
underwear, consisting of an oval within which is the picture of
a young man wearing a union suit while he is being measured
with a tape line extending from the crotch to the right shoulder,
where it is held by two hands of a second person. A decision in
favor of the opposer was given by the Commissioner of Patents.

It is clearly established that for many years the opposer had been engaged in the distribution and sale of men's union suits throughout the United States and in foreign countries, and that for sometime it has been accustomed to use representations quite similar to applicant's in its catalogues and on the boxes containing its goods; that the covers of some of these boxes, and advertising matter put out by it, carry a picture of a man dressed in underwear only, and inclosed in a circle similar to the one in the mark which the applicant seeks to register. The illustrations on the boxes have been in use by the opposer since 1912, and those in the catalogues since 1910. Applicant claims no use of its mark prior to April 1, 1915.

Applicant does not deny the identity of the marks, as we understand the argument, but contends that its mark is registerable in the absence of a superior right in the opposer; that the latter has failed to prove trademark use, or use analogous thereto, of its mark, and therefore it has not a superior right and is not entitled to object to the registration of applicant's mark.

We do not think the opposer is required to show a superior right in order that it may successfully resist the application. If it is on an equal footing with the applicant and can show probable damage, that will be enough. This court has declared more than once that a trademark use of a mark by an opposer is not necessary in a proceeding such as the one before us. *Natural Food Co.* v. *Williams,* 30 App. D. C. 348, 350; *H. W. Johns-Manville Co.* v. *American Steam Packing Co.* 33 App. D. C. 224, 226; *Electro Steel Co.* v. *Lindenberg Steel Co.* 43 App. D. C. 270, 273. The record discloses that the opposer was using the mark under consideration in connection with its business prior to the applicant's coming into the field. It thereby acquired a right to its use, although not necessarily an exclusive one. If registration is granted to the applicant's mark, that right would be sequestered and the applicant given a monopoly of the mark. This would likely result in damage to the opposer; hence, the latter has a right to resist the registration.

The decision of the Commissioner of Patents, sustaining the

opposition of the B. V. D. Company and denying to the Atlas Underwear Company the registration of the mark shown in its application on the goods therein specified, is affirmed.

*Affirmed.*

A petition for rehearing was denied March 19, 1919.