## SKENE v. MARINELLO CO.

(Court of Appeals of District of Columbia. Submitted January 10, 1921. Decided February 7, 1921.)

No. 1339.

1. **Evidence ⬉265(8)—Admission in petition held insufficient to show use of trade-name.**

In a proceeding commenced in July, 1918, to cancel the registration of a trade-mark, a bill filed by the registrant in the early part of 1917, amounting to an admission that the petitioner was then using the registered name was not sufficient proof that she was using it when the petition for cancellation was filed, so as to have any interest in the cancellation, notwithstanding the presumption that a fact shown to exist will usually be regarded as continuing, in the absence of any proof to the contrary.

2. **Trade-marks and trade-names ⬉45½, New, vol. 7A Key-No. Series—Person abandoning use cannot ask cancellation of registration by another.**

One who has abandoned her use of a name registered by another as a trade-mark, and is not using it at the time she applies for cancellation of the registration, is in no position to urge that she is damaged by the registrant's use of such name.

Appeal from Decision of Commissioner of Patents.

Proceeding in the Patent Office by Anna M. Skene for cancellation of the registration of a trade-mark by the Marinello Company. From a decision denying the petition, the petitioner appeals. Affirmed.

F. M. Phelps, of Washington, D. C., and Edward H. Stearns, of Chicago, Ill., for appellant.

A. A. Smith and Max W. Zabel, both of Chicago, Ill., and Joseph H. Milans and Calvin T. Milans, both of Washington, D. C., for appellee.

SMYTH, Chief Justice. The Marinello Company has registered in the Patent Office as a trade-mark on certain toilet preparations the word

"Marinello." The appellant, called herein the petitioner, seeks to have it canceled on the ground that she deems herself damaged thereby. The Patent Office denied her prayer.

Petitioner has filed an elaborate brief, in which many points are raised and argued. We think, however, that the proceeding turns on the answer to a simple question: Has petitioner shown any such interest in the word as would entitle her to attack the registration? The statute provides that, whenever any person shall deem himself injured by the registration of a trade-mark, he may apply to the Commissioner of Patents to cancel the registration. Section 13, 33 Stat. 728 (Comp. St. § 9498). We have construed this to mean that he who seeks cancellation must state facts from which, if true, the court may reasonably infer that he might be damaged unless the mark is canceled. McIlhenny's Son v. New Iberia, etc., Pepper Co., 30 App. D. C. 337, 339; Underwood Typewriter Co. v. A. B. Dick Co., 36 App. D. C. 175, 176; Standard Brewery Co. v. Interboro Brewing Co., 44 App. D. C. 193.

[1] The only allegation with respect to damages made by petitioner is to the effect that she used the word in connection with her business for many years, and deems herself injured by the registration. How she used it, whether as a trade-mark or as a trade-name, upon goods of the same descriptive properties, or as the name of a system, or otherwise, she does not say. Her only proof of use is found in a copy of a bill of complaint filed against her by the registrant in an Illinois court, and introduced by her in this proceeding, wherein it is alleged that she uses the word "Marinello" as a trade-name for her shop. This, she argues, is an admission of use by her. That may be conceded, but to what time does the admission relate? Clearly to the time when the bill was filed, and that was in the early part of 1917, while her petition for cancellation was not lodged in the Patent Office until July, 1918, about a year and a half thereafter.

[2] Proof that she was using the name in 1917 is not satisfactory proof that she was doing so a year and a half later. We are aware of the presumption that, where a fact is shown to exist, it usually will be regarded as continuing, in the absence of any proof to the contrary; but that is too flimsy a thing upon which to rest an application for cancellation. If petitioner was using the mark in connection with her business, it was very easy for her to have offered convincing proof of it. If she was not using it at the time she filed her application for cancellation, but had abandoned its use, she would not be in a position to urge that she was being damaged by the registrant's use of it.

We think petitioner has utterly failed in her proof of use, and therefore the decision of the Commissioner of Patents is affirmed.

Affirmed.

Mr. Justice HITZ, of the Supreme Court of the District of Columbia, sat in the place of Mr. Justice ROBB in the hearing and determination of this appeal.