### McILHENNY CO. v. TRAPPEY.

(Court of Appeals of District of Columbia. Submitted November 21, 1921. Decided January 3, 1922.)

No. 1446.

1. **Trade-marks and trade-names and unfair competition ⚫➔9—"Tabasco" is a geographical name, and not registerable as trade-mark.**

    The word "Tabasco" is a geographical term, which could not be exclusively appropriated as a trade-mark.

2. **Trade-marks and trade-names and unfair competition ⚫➔44—Opposer need not show superior right to mark.**

    Under Trade-Mark Act; § 6 (Comp. St. § 9491), permitting any person who believes he would be damaged by the registration of a mark to oppose the same, it is not necessary that the opposer should show a superior right to the mark, but he must show that he would be damaged by the registration.

3. **Trade-marks and trade-names and unfair competition ⚫➔44—Opposition held not to show belief registration would damage opposer.**

    An opposition to the registration of a trade-mark, which merely alleged a belief that the registration was sought to commit the Patent Office to a position for the possible effect it would have in a suit then pending between the applicant and the opposer, is not a sufficient showing that the opposer believed he would be damaged by the registration, so that the opposition was properly dismissed.

Appeal from the Commissioner of Patents.

Application by B. F. Trappey for the registration of a trade-mark, opposed by the McIlhenny Company. From a decision dismissing the opposition, the opposer appeals. Affirmed.

F. M. Phelps and Nelson J. Jewett, both of Washington, D. C., and E. S. Rogers, of Chicago, Ill., for appellant.

Wm. L. Symons, of Washington, D. C., for appellee.

SMYTH, Chief Justice. Trappey applied to the Patent Office to register a trade-mark for tabasco sauce, peppers in vinegar, extract of pepper, and ground pepper, in which occurs the word "Tabasco." He alleged that he had used the mark, in the specific form shown in a drawing, since January, 1912, and that he presents with his application a drawing and five specimens of the mark. There are in the record only a diagram consisting of a large shield, within which is a smaller one bearing the word "Shield," and two specimens on each

of which are several words. In only one appears the word "Tabasco." It is as follows:

McIlhenny Company, claiming the right to the exclusive use of the word "Tabasco" as a trademark for pepper sauce, opposed the registration of the mark unless the word "Tabasco" was eliminated from it. The company alleges that it believes that the use of the words "Tabasco Sauce" by Trappey is done in an effort "to commit the Patent Office to an apparent acceptance of the words * * * as a generic name for its possible effect in the suit now pending," wherein the company is contending with Trappey for the exclusive right to use the word "Tabasco" as a trade-mark. If this be not an allegation that the company will suffer damage in the event the opposition is not sustained, there is none.

[1] We decided in McIlhenny v. New Iberia E. of T. P. Co., 34 App. D. C. 430, that the word "Tabasco" was a geographical term, and therefore could not be exclusively appropriated by McIlhenny's Sons in vending pepper sauce. The company claims through the defeated party in that proceeding. We adhere to the decision there rendered.

[2] However, this holding does not prohibit the company from objecting to the registration of the word "Tabasco" for the benefit of another party, because the statute (33 Stat. 726, § 6 [Comp. St. § 9491]) says:

"Any person who believes he would be damaged by the registration of a mark may oppose the same."

It is not necessary that the opposer should show a superior right to the mark. All that is required of him is a showing that he would probably be damaged, if registration was granted. Atlas Underwear Co. v. B. V. D. Co., 48 App. D. C. 425.

[3] If the company did not show this, its opposition was properly dismissed. Howard Co. v. Baldwin Co., 48 App. D. C. 437. As we have said above, the company's only allegation with respect to damages is that the company believes that the application of Trappey is an effort to produce a condition which possibly may affect a suit in which the company and Trappey are adversaries. The company does not allege that any damage would result to it, or even that it believes that damage would result; nor does it state any facts from which damages might be inferred. We think the opposition is fatally defective in this respect.

The decision of the Commissioner of Patents is affirmed.

Affirmed.