## VIRGINIA DARE EXTRACT CO., Inc., v. DARE.

### Patent Appeal No. 3244.

Court of Customs and Patent Appeals.
April 23, 1934.

Browne & Phelps, of Washington, D. C. (Thomas L. Mead, Jr., of Washington, D. C., of counsel), for appellant.

Thos. S. Donnelly, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This is a trade-mark opposition proceeding in which appellant has appealed from a decision of the Commissioner of Patents, affirming a decision of the Examiner of Trade-Mark Interferences, dismissing the opposition and adjudging appellee entitled to the registration sought.

Following the appeal to this court, notice of which appears to have been filed in the Patent Office, July 15, 1932, appellee, on August 1, 1932, entered a motion in the Patent Office to dismiss same, and to strike the notice from the record on the grounds that:

"(a) No notice of the Appeal was served upon the applicant, Adah Mae Dare, her attorney, or any one on her behalf.

"(b) Rule No. 153 A of the Rules of Practice of the Patent Office was not complied with."

Attached to said motion was an affidavit of appellee's attorney, the purport of which is that no notice of the appeal had been served upon "the applicant * * * her attorney, or any one on her behalf," and that opposer had failed to comply with "Rule 153 A" of the Patent Office.

The Commissioner of Patents held that "Disposition of this motion rests with the Court," but noted: "* * * There was filed July 23, 1932, a præcipe which includes as item 23, 'Notice of Appeal,' and that a statement is made at the bottom of the præcipe that, 'A copy of the above præcipe has been mailed to Thos. S. Donnelly, Esq., 728 Ford Building, Detroit, Michigan, Counsel for Adah Mae Dare.'"

At the hearing before us no counsel appeared representing appellee, and the case was submitted, so far as she was concerned, upon the brief filed in her behalf. This brief states that "the motion to dismiss [the ap-

peal] is now urged," and it is argued that the affidavit of appellee's counsel made out a prima facie case of failure to comply with rule 153 (a) of the Patent Office, so that the burden rested upon appellant to make a showing as to proof of service and compliance with the rule.

The rule alluded to, 153 (a), reads: "Every paper filed in the Patent Office in contested cases must be served as provided in rule 154 (b). This includes all appeals in such cases."

Rule 154 (b) provides different methods for serving notices "for taking testimony or for motions," the fourth method being that of "transmission by registered letter."

Assuming that the foregoing rules apply to appeals to this court, it is our opinion that the affidavit of counsel for appellee, to the effect that no copy was personally served upon him, or received by him, is not sufficient to overcome the presumption that a notice was, in fact, mailed to him in accordance with the rule, as stated in the excerpt quoted by the commissioner, supra.

Accordingly, the motion to dismiss the appeal is denied.

The application of appellee is for registration of a composite mark which, it is alleged, has been used by her since April 3, 1930, as a trade-mark for skin cream, skin tonics, astringents, muscle oil, and oil lotions for smoothing and softening the skin.

The mark has a fanciful border surrounding an ornamental background whereon there is a silhouette of the head and shoulders of a young woman. Below the silhouette in somewhat fanciful type, arranged diagonally, are the words "Virginia Dare," with what seems to be a representation of a flower beneath the words.

In the notice of opposition appellant alleged the use, ownership, and registration by it of the notation "Virginia Dare" as a trade-mark for "soft drinks, food flavoring extracts, syrups for making soft drinks, concentrates and emulsions, de-alcoholized wine, and wine," beginning at a date long prior to April 3, 1930. Five registrations were specifically pleaded, to wit, Nos. 88,670 of October 15, 1912; 119,692 of December 11, 1917; 124,841 of March 18, 1919; 125,430 of May 20, 1919, and 129,358 of February 17, 1920.

Ownership of the first two of the foregoing registrations is alleged to have been acquired by appellant, a corporation of the state of New York, by the transfer of same, in connection with the business, to it by its predecessor in business, Garrett & Co., also a corporation of the state of New York, which originally registered them, and which seems still to retain some character of rights therein.

The three latter registrations were made by appellant.

Appellant alleges that "Virginia Dare" is the dominant feature of its corporate name, and that confusion as to origin of appellee's goods will result from appellee's adoption and use of the mark.

The marks are substantially similar, "Virginia Dare" being a prominent—perhaps the dominant—part of each.

In addition to the registrations specifically pleaded in its notice of opposition, appellant introduced two other registrations upon which it relies, the first of these being the notation "Virginia Dare" for a "Tonic Laxative," No. 188,666, of September 2, 1924, and the latter being "Germ-A-Foam" for "Antiseptic and Deodorant Compound," No. 198,853, of May 26, 1925. In connection with the latter, there was introduced, as an exhibit, a label having reading matter thereon, a portion of which is "Virginia Dare Germ-A-Foam The Ideal Healing Antiseptic and Deodorant." In this label arrangement the trade-mark "Germ-A-Foam" is made the prominent feature.

There is testimony in the record that Garrett & Co. began using the mark, "Virginia Dare," on wines manufactured by it, as early as 1891. A witness who, at the time of testifying, was an executive of Garrett & Co., stated that: " * * * we adopted the name 'Virginia Dare,' the association being that Virginia Dare was the first white child born in America and tradition had it that she was born under an old Scuppernong vine growing on Maneto Island off the coast of North Carolina, from which vine we were buying the grapes every year which went into the production of the wine."

Subsequent to the federal prohibition amendment, and laws passed in pursuance thereof, appellant applied the mark to nonalcoholic beverages and materials therefor, and flavoring extracts, as named in its notice of opposition.

Many other registrations and exhibits were made parts of the record, but the foregoing are all that appear to require specific mention here.

In the view which we take of the case, consideration of the use by appellant of the notation "Virginia Dare" in connection with

the registered trade-mark "Germ-A-Foam" becomes of importance, since we are of the opinion that the goods upon which "Germ-A-Foam" is used are of the same descriptive properties as those for use upon which appellee seeks to register the mark "Virginia Dare." Malone v. Horowitz, 41 F.(2d) 414, 17 C. C. P. A. 1252.

·It is not claimed that "Virginia Dare" ·has ever been registered for use as a trade-mark upon "Antiseptic and Deodorant Compound," the word "Germ-A-Foam" having been registered expressly for such use, but the evidence is that "the customary way of identifying [appellant's] Germ-A-Foam" is by associating Virginia Dare therewith upon the label, the text of which label has been quoted supra. In other words, the label shows the product to be Virginia Dare Germ-A-Foam. This, particularly when used in connection with appellant's corporate name, "Virginia Dare Extract Company," serves to denote origin of the product in appellant.

█ It has been often held by this court, following the decisions of other courts, that the right to oppose a proposed registration does not necessarily depend upon the opposer's using the proposed word as a technical trade-mark. California Cyanide Co. v. American Cyanamid Co., 40 F.(2d) 1003, 17 C. C. P. A. 1198; Bookman v. Oakland Chemical Co., 40 F.(2d) 1006, 17 C. C. P. A. 1213;· Johnson v. Brandau, 32 App. D. C. 348; Atlas Underwear Co. v. B. V. D. Co., 48 App. D. C. 425.

It is true that, in the first three cases just cited, the proposed marks were found to be descriptive of the goods to which it was proposed to apply them, and registration was denied for that reason, but the right of one who was using such words to oppose was distinctly upheld.

In the last-named (Atlas Underwear Co.) case, however, nothing is said of the mark being descriptive, and the right to oppose registration without showing trade-mark use by opposer was upheld, numerous authorities being cited.

In the case of Touraine Co. v. E. B. Washburn & Co., 52 App. D. C. 356, 358, 286 F. 1020, 1022, the Court of Appeals of the District of Columbia, in an opposition proceeding, declared: "Of course, a trade-mark use of a mark is not necessary in a proceeding of this kind. If the opposer can show in any way that he would probably be damaged by its registration to the applicant he may do so. The trade-mark statute (section 6, 33 Stat. 726 [Comp. St. § 9491 (15 US CA § 86)]) is our chart. There is nothing in it which says that a person must own a trade-mark, registered or not, before he can oppose the registration of the mark to another person. All that the statute requires of him, according to our interpretation, is to prove facts which, if true, would tend to show that he would probably be damaged by the registration. Skene v. Marinello Co., 270 F. 701, 50 App. D. C. 265; McIlhenny Co. v. Trappey, 277 F. 615, 51 App. D. C. 216."

█ Without discussing other phases of the case and without reference to whether other goods upon which appellant uses its registered mark "Virginia Dare" are of the same descriptive properties as the goods of appellee, we think the registration sought should be denied upon the use shown by appellant of the word in connection with Germ-A-Foam. Confusion of origin in the mind of the public, to the damage of appellant, would seem likely.

The decision of the Commissioner of Patents is therefore reversed.

Reversed.

BLAND and HATFIELD, Associate Judges, concur in the conclusion.