26 C.C.P.A.(Patents)

In re AMERICAN CYANAMID & CHEMICAL CORPORATION.
Patent Appeals No. 4007.

Court of Customs and Patent Appeals.
Nov. 28, 1938.

Ellis S. Middleton, of New York City, and Walter M. O'Brien, of Washington, D. C. (Henry C. Little, of New York City, of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

The Structural Gypsum Corporation made application in the United States Patent Office for the registration of its trade-mark "Gypsteel gypsum Plank" for use on pre-cast, incombustible, reinforced slabs of cementitious material. In the application the word "gypsum" was disclaimed.

The mark consists of the three words "Gypsteel gypsum Plank," the word "gypsum" being in small letters in a box superimposed on a portion of the word "Plank." In some manner not shown by the record, appellant is now regarded as the owner of the mark and the party in interest here.

The Examiner of Trade-marks required that the applicant disclaim the word "Plank" before the mark could be registered, holding that the word "Plank" was descriptive of the applicant's goods. The applicant did not disclaim the word "Plank," and registration was finally refused. From the decision of the examiner, the appellant appealed to the Commissioner of Patents who affirmed the decision of the examiner. From the decision of the commissioner, appellant has appealed to this court.

In appellant's notice of appeal to this court it has assigned eleven reasons for appeal. It will not be necessary for us to consider all of them. The first is that "The Commissioner erred in refusing registration." Other reasons of appeal challenge the holding of the commissioner that the word "Plank" is descriptive and not merely suggestive. The eleventh reason of appeal is to the effect that the commissioner erred in not holding that, regardless of the descriptive character of the term "Plank," it had acquired a secondary meaning, and denotes origin in the applicant.

Appellant has appealed from the decision of the commissioner refusing to register his composite mark as presented, with the word "gypsum" disclaimed. The only statutory authority we know of which would justify the refusal of the commissioner to register a trade-mark under the Trade-mark Act of 1905 is found in section 5 thereof, 15 U.S.C.A. § 85, where there is a provision that states in substance that no mark shall be refused registration if it distinguishes its owner's goods from other goods of the same class unless it possesses certain objectionable characteristics (not including descriptiveness).

It is then specially provided in said section 5 that no mark shall be registered which "consists * * * merely in words or devices which are descriptive of the goods." The mandate to register a mark is broad and compelling. The mandate not to register is equally compelling if the mark consists merely in words or devices which are descriptive of the goods.

It will be noted that the prohibition of the statute uses the word "consists," not "comprises," although the latter term was used twice in the first part of the section. The plain language of the section as a whole requires that the commissioner shall not refuse to register a mark unless the mark as a whole is descriptive. Appellant has raised the point that the refusal to register by the commissioner is not because the mark as a whole is descriptive but that his refusal is based upon the fact that one undisclaimed word is descriptive. Appellant states that "descriptiveness of the single word 'Plank' is not at issue; the mark which must be found, to be 'merely' descriptive is the composite mark 'Gypsteel Gypsum Plank.' The word 'Gypsteel' is the subject of a separate registration, No. 197,098."

As far as we have been able to ascertain, this is the first time this exact issue has been presented to any court for decision. Most of appellant's brief is devoted to the contention that the term "Plank" is not descriptive and that it is merely suggestive.

There are several affidavits in the record in which the affiants state that the

mark suggests to them a product made by applicant, and that to them the mark has no other significance since the merchandise in no way resembles wood in appearance. Following the case of Elgin National Watch Co. v. Illinois Watch Case Co., 179 U.S. 665, 21 S.Ct. 270, 45 L.Ed. 365, this court held in Barber-Colman Co. v. Overhead Door Corporation, 65 F.2d 147, 20 C.C.P.A., Patents, 1118, that if a mark was descriptive it could not be registered as a trade-mark, regardless of any secondary meaning which it might have acquired. It was there pointed out that the owner of a mark, which at one time had been descriptive but which had acquired a secondary meaning, could find protection for his mark irrespective of its registrability. Under these authorities we therefore conclude that appellant's eleventh reason of appeal is without merit.

There is no statutory authority authorizing disclaimers, nor is there any Patent Office rule on that subject. The practice of filing disclaimers in the registration of trade-marks has, however, during the last thirty years, acquired the status of settled law. The history of its development and frequent use is an interesting one. Its utility has been emphasized in Patent Office decisions, textbooks, and court decisions. In 1909 the Patent Office inaugurated the disclaimer practice in connection with registration under the Trade-Mark Act of 1905, 15 U.S.C.A. § 81 et seq. The office permitted the registration of marks containing descriptive matter if the applicant disclaimed any right in the descriptive matter apart from the mark as shown. In Johnson v. Brandau, 32 App.D.C. 348, in 1909, the Court of Appeals of the District of Columbia disapproved of the practice which permitted registration of descriptive terms in composite marks without the cancellation of the descriptive portion, and reversed the Patent Office holdings in this regard. Other cases to the same effect pointed out the reason for the court's attitude. See Nairn Linoleum Co. v. Ringwalt Linoleum Works, 46 App.D.C. 64.

The Supreme Court of the United States in Estate of P. D. Beckwith, Inc., v. Commissioner of Patents, 252 U.S. 538, 40 S.Ct. 414, 64 L.Ed. 705, reversed a holding of the Court of Appeals of the District of Columbia, which had held a mark to be nonregistrable unless the descriptive portions of the same were eliminated. The petitioner had filed an application to register a composite mark comprising the head of an Indian on a scroll with the name of the Indian, "Doe-Wah-Jack," all surrounded by a circle. Outside the circle were the words "Round Oak" and "Moistair. Heating. System." The commissioner found that the mark would be registrable if it did not contain the words "Moistair. Heating. System" and in accordance with previous rulings of the Court of Appeals it was ordered that the mark might be registered if the said descriptive words were erased or removed and that the filing of a disclaimer would not suffice to secure the registration. Upon appeal to the Court of Appeals the commissioner's decision was affirmed. In reversing the decision of the Court of Appeals, the Supreme Court of the United States, after reviewing the history of the growth of the disclaimer doctrine, had this to say [page 416]:

"Thus the proviso quoted, being simply an expression in statutory form of the prior general rule of law that words merely descriptive are not a proper subject for exclusive trade-mark appropriation, if the application in this case had been to register only the words 'Moistair Heating System,' plainly it would have fallen within the terms of the prohibition, for they are merely descriptive of a claimed property or quality of the petitioner's heating system— that by it moisture is imparted to the air in the process of heating. But the application was not to register these descriptive words 'merely,' alone and apart from the mark shown in the drawing, but in a described manner of association with other words, 'Round Oak,' which are not descriptive of any quality of applicant's heating system, and as a definitely positioned part of an entirely fanciful and arbitrary design or seal, to which the Commissioner found the applicant had the exclusive right.

"Since the proviso prohibits the registration not of merely descriptive words but of a 'trade-mark which consists * * * merely' (only) of such words—the distinction is substantial and plain—we think it sufficiently clear that such a composite mark as we have here does not fall within its terms. In this connection it must be noted that the requirement of the statute that no trade-mark shall be refused registration, except in designated cases, is just as imperative as the prohibition of the proviso against registration in cases specified.

"While there is no specific provision for disclaimers in the trade-mark statute, the practice of using them is commended to our judgment by the statement of the

Commissioner of Patents that, so far as known, no harm came to the public from the practice of distinguishing, without deleting, nonregistrable matter in the drawing of the mark as registered, when a statement, forming a part of the record, was required that the applicant was not making claim to an exclusive appropriation of such matter except in the precise relation and association in which it appeared in the drawing and description.

"It seems obvious that no one could be deceived as to the scope of such a mark, and that the registrant would be precluded by his disclaimer from setting up in the future any exclusive right to the disclaimed part of it. It seems obvious, also, that to require the deletion of descriptive words must result often in so changing the trademark sought to be registered from the form in which it had been used in actual trade that it would not be recognized as the same mark as that shown in the drawing which the statute requires to be filed with the application, or in the specimens produced as actually used, and therefore registration would lose much, if not all, of its value. The required omission might so change the mark that in an infringement suit it could be successfully urged that the registered mark had not been used, —and user is the foundation of registry [15 U.S.C.A. § 82]. Of this last the case before us furnishes an excellent example. To strike out 'Moistair Heating System' from the applicant's trade-mark would so change its appearance that its value must be largely lost as designating to prior purchasers or users the origin of the heating system to which it was applied.

"The commercial impression of a trademark is derived from it as a whole, not from its elements separated and considered in detail. For this reason it should be considered in its entirety (Johnson v. Brandau, supra), and to strike out any considerable part of it, certainly any conspicuous part of it, would be to greatly affect its value. Of course, refusal to register a mark does not prevent a former user from continuing its use; but it deprives him of the benefits of the statute, and this should not be done if it can be avoided by fair, even liberal, construction of the act, designed as it is to promote the domestic and foreign trade of our country.

"*    *    *    *    *    *

"Such being the ultimate facts of this controversy, we cannot doubt that the Court of Appeals fell into error in ruling that the words 'Moistair Heating System' must be 'eliminated' from the trade-mark of the applicant as it had been theretofore used, and that the requirement of the act of Congress for the registration of trademarks would be fully complied with if registration of it were permitted with an appropriate declaration on the part of the applicant that no claim is made to the right to the exclusive use of the descriptive words except in the setting and relation in which they appear in the drawing, description, and samples of the trade-mark filed with the application."

While the exact question presented here was not presented to the Supreme Court in the Beckwith Case, supra, nevertheless that court flatly held that the composite trade-mark would be entitled to registration if the descriptive terms "Moistair. Heating. System" were disclaimed. The court pointed out in that case the same situation that confronts us here— that the mandate of the statute is not to register a mark which as a whole "consists * * * merely" of descriptive words. In the Beckwith Case, supra, it was clear that the trade-mark did not consist merely of descriptive words or devices. Since the Supreme Court held that the mark was registrable if the descriptive terms were disclaimed, it would seem to follow that in the opinion of the court the applicant was not entitled to register the mark unless it disclaimed the descriptive term. Unquestionably, if the Patent Office has a right to require disclaimers (and that it does have such a right seems no longer to be an open question), it also has the right to enforce its requirements by a refusal to register in event its requirements are not met. While this court has not been called upon heretofore to decide the exact question presented here, the reasoning in some of its decisions is applicable and in harmony with the views herein expressed. See Warner-Patterson Co. v. Charles Y. Malcomb, 39 F.2d 274, 17 C.C.P.A., Patents, 984, and California Canneries Co. v. Lush'us Products Co., 49 F.2d 1044, 18 C.C.P.A., Patents, 1480.

The whole subject of disclaimers is discussed with much clarity and thoroughness in Derenberg's "Trade-Mark Protection and Unfair Trading" (1936), Section 50, p. 561 et seq. The history of the practice, similar to that of England, as it has grown up in the Patent Office and ac-

quired a status sanctioned by courts is recited and many of the cases are analyzed. Particularly does this authority show that under the court decisions the practice of disclaiming descriptive terms in trademarks for the purpose of obtaining registration has not affected the owner's common law rights and for this reason one of the early objections to the practice is no longer to be made. At page 564 the authority says:

"By this decision [referring to the Beckwith Case, supra] the disclaimer was not only recognized, but the court, going a step further, advised the Patent Office and its appellate court to interpret the statute liberally and to cooperate with the applicants as much as possible."

In the light of the settled law with reference to the disclaimer practice as is above set out, it follows that upon this record, if the term "Plank," which was ordered disclaimed and which applicant declined to disclaim, is descriptive of its goods, the commissioner did not err in refusing registration.

Appellant has argued at considerable length that the term "Plank" describes none of the qualities of its merchandise and that it is merely suggestive of some characteristic of the same, and quotes from Funk & Wagnalls New Standard Dictionary, edition of 1916, the definition of "plank" as follows:

"A broad piece of sawed lumber, differing from a board only in being thicker, i. e., in general, any board more than 1½ inches and less than 4½ inches in thickness and at least 6 inches wide; a thick board; lumber when sawed into planks; anything made of plank lumber, as a table; figuratively, anything that sustains or upholds; a support."

From the above definition it argues that the term "always connotes wood." We find in the edition of 1931 the same definition that is quoted by appellant and we also find as a part of the definition of the term "plank" as there given the following: "a slab of stone."

Webster's New International Dictionary, 1932, among the several definitions of the term "plank," gives the following: "1. A heavy thick board." "Board" is defined in the same authority as: "5. A square or oblong piece of thin wood or other material used for some special purpose; as, a molding board; a board or surface painted or arranged for a game;

as, a chessboard; a backgammon board; an apparatus devised for some special purpose made chiefly of boards or resembling a board; as, a blackboard; a bulletin board; a sounding board; a springboard."

It seems settled that the term "plank" is frequently used in the sense of defining the shape of an article not necessarily composed of wood. In this sense, the application of the term "Plank" to slabs of applicant's incombustible goods upon which it uses the mark would be descriptive of the form of such slabs or planks. And, it seems obvious that applicant's use of the term is to describe the form and character of its merchandise since the specimen showing the use of the mark represents "Gypsteel gypsum Plank" to be in such plank or board form (2 inches thick and 15 inches wide) as to be suitable for roofs, floors, partitions and ceilings of buildings. It is stated that it is easy to handle and is as adaptable as wood.

Upon this record we hold that the Commissioner of Patents committed no error in affirming the decision of the Examiner of Trade-marks in refusing registration of appellant's mark, and the decision of the commissioner is affirmed.

Affirmed.