# McILHENNY *v.* NEW IBERIA EXTRACT OF TABASCO PEPPER COMPANY.

### TRADEMARKS; GEOGRAPHICAL NAMES.

1. If, on an appeal from a decision of the Commissioner of Patents cancel-ing a mark registered as a trademark, it appears that the applicant's application for registration was sufficient in form to warrant regis-tration either as a technical trademark or under the ten years' clause of the trademark act, and there was no express finding by the Com-missioner on the subject, the appellant will be entitled to prevail if he can show that he is entitled to registration on either ground.

2. The provision of sec. 5 of the trademark act of Congress of February, 1905 [33 Stat. at L. 726, chap. 592, U. S. Comp. Stat. Supp. 1909, p. 1278], prohibiting the registration of any mark which is "merely a geographical name or term," is simply declaratory of the common law.

3. "Tabasco," being the name of a state in the Republic of Mexico, is a geographical name, and hence not registerable as a trademark as applied to pepper sauce by the vendor of such goods; especially where it appears that the application for the registration of the word was not made until after a patent granted applicant's prede-cessor, on the process of preparing the sauce, had expired. (Citing *J. A. Scriven Co.* v. *W. H. Towles Mfg. Co.* 32 App. D. C. 321.)

4. The context of a statute must be considered in construing any portion of it.

5. The Commissioner of Patents under sec. 13 of the trademark act of Congress of February, 1905, has the authority, on petition of one claiming to be injured by registration of a trademark, to cancel its registration, although it was registered on the ground that the reg-istrant had been the exclusive user of the mark for ten years prior to the passage of the act, if it appears that such was not the fact.

No. 613.     Patent Appeals.     Submitted January 14, 1910.     Decided Feb-ruary 1, 1910.

HEARING on an appeal from a decision of the Commissioner of Patents canceling the registration of a trademark.

*Affirmed.*

The facts are stated in the opinion.

*Messrs. Church & Church* for the appellant.

*Mr. Clifford S. Walton* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

This is an appeal from a decision of the Commissioner of Patents, sustaining the petition of appellee, the New Ibéria Extract of Tabasco Pepper Company, Ltd., for the cancelation of the word "Tabasco," registered to appellant, E. McIlhenny's Son, as a trademark for pepper sauce.

Two questions are here involved: First, as to whether appellant's mark may properly be denominated as a technical trademark; and, if not, whether the trademark act of February, 1905, clothes the Commissioner with authority to cancel a mark registered under the so-called ten years' clause of that act.

Appellant's application was sufficient in form to warrant registration under either the provisions of the statute applying to technical trademarks or under said ten years' clause. Therefore, if it is found that the registration can be sustained only under the ten years' clause it will be presumed that registration was under that clause. If, on the other hand, the registration can be sustained under either of the above provisions there is no reason, in the absence of an express finding by the Commissioner, why registration should not be treated as that of a technical mark.

We will first inquire, therefore, whether "Tabasco," as here used, is the subject of a technical trademark. Tabasco is a state in the Republic of Mexico, and was when appellant adopted the name as a trademark. Indeed, the record shows that

the word was adopted by the predecessor of appellant, because the seed of the pepper from which the sauce was made originally came from that State. In the application for a patent on the process of preparing this sauce, filed by appellant's predecessor, and upon which the patent was granted September 27th, 1870, it is stated:

"This invention relates to a new process of preparing an aromatic and strong sauce from the pepper known in the market as Tabasco pepper. This pepper is as strong as Cayenne pepper, but of finer flavor."

It is worthy of notice that no application for the registration of this mark was made until after the term of the monopoly granted by said patent had expired. See *J. A. Scriven Co.* v. *W. H. Towles Mfg. Co.* 32 App. D. C. 321.

Sec. 5 of said trademark act [33 Stat. at L. 726, chap. 592, U. S. Comp. Stat. Supp. 1909, p. 1278] prohibits the registration of any mark "merely a geographical name or term." This provision is simply declaratory of the common law, as it is well settled, "that no one can apply the name of a district of country to a well-known article of commerce, and obtain thereby such an exclusive right to the application as to prevent others inhabiting the district, or dealing in similar articles coming from the district, from truthfully using the same designation." *Delaware & H. Canal Co.* v. *Clark,* 13 Wall. 321, 20 L. ed. 582. In *Columbia Mill Co.* v. *Alcorn,* 150 U. S. 460, 37 L. ed. 1144, 14 Sup. Ct. Rep. 151, it was held that a person cannot acquire the right to the exclusive use of the word "Columbia" as a trademark. The court said: "The word 'Columbia' is not the subject of exclusive appropriation, under the general rule that the word or words in common use as designating locality, or section of a country, cannot be appropriated by anyone as his exclusive trademark." This case was cited with approval in *Elgin Nat. Watch Co.* v. *Illinois Watch Case Co.* 179 U. S. 673, 45 L. ed. 378, 21 Sup. Ct. Rep. 270, where the court, speaking through Mr. Chief Justice Fuller, said: "No sign or form of words can be appropriated as a valid trademark, which, from the nature of the fact conveyed by its primary mean-

ing, others may employ with equal truth, and with equal right, for the same purpose."

It appears that the Tabasco pepper is distinctly different from other peppers on account of its peculiar aroma. Manifestly, therefore, no person or firm should be given the exclusive right to designate pepper sauce, the principal ingredient of which is, of course, peppers, as "Tabasco." We think Tabasco a geographical name, and hence not entitled to exclusive appropriation by appellant in vending pepper sauce.

It is not denied that appellant was not the exclusive user of said mark during the period required to justify registration under said ten years' clause. It is insisted, however, that if the registration is to be treated as having been made under said clause, the Commissioner is without authority to cancel it. Sec. 13 of said trademark act provides that "whenever any person shall deem himself injured by the registration of a trademark in the Patent Office, he may at any time apply to the Commissioner of Patents to cancel the registration thereof." Thereupon the Commissioner is required to refer the application to the Examiner in charge of interferences, who, after notice to the registrant, may hear and determine the question. The section continues: "If it appear after a hearing before the Examiner, that the registrant was not entitled to the use of the mark at the date of his application for registration thereof, or that the mark is not used by the registrant, or has been abandoned, and the Examiner shall so decide, the Commissioner shall cancel the registration." It is contended that, inasmuch as the right to register under the ten years' clause is made to depend on whether the applicant was the *exclusive* user of the mark during the ten-year period, the words of said section 13 are inapt, and do not confer the authority of cancelation upon the Commissioner.

It requires no citation of authorities for the proposition that the context of a statute must be considered in construing any portion of it. It is apparent from reading this statute that Congress intended to confer upon the Commissioner authority to rectify a wrong or mistake, upon the application of any

person who should deem himself injured by the registration of any trademark, by the cancelation of such mark. The first part of said section 13 is susceptible of no other construction, and we think that when Congress, in the latter part of the section, provided that the finding by the Examiner that the registrant was not entitled to the use of the mark at the date of his application should constitute one ground for cancelation, it simply meant such a use as the statute upon which the application was based contemplated. In other words, to ascertain the signification and meaning of the phrase under consideration, we must go back to section 5 in the act, which specifies the conditions which must exist to entitle the applicant to registration. We hold, therefore, that the Commissioner was clothed with authority, upon the showing made, to cancel this mark.

The decision is affirmed, and the clerk will certify these proceedings as by law required.                    *Affirmed.*