E. McILHENNY'S SON v. B. F. TRAPPEY & SONS (two cases).

(Court of Appeals of District of Columbia. Submitted January 12, 1922. Decided February 6, 1922.)

Nos. 1468, 1469.

1. **Trade-marks and trade-names and unfair competition ⬅3 (4), 9—"Tabasco Pepper Sauce" is a geographical and descriptive name.**

The words "Tabasco" and "Tabasco Pepper Sauce," as applied to a sauce composed principally of Tabasco pepper, are geographical and descriptive, and are not registrable as a common-law trade-mark.

2. **Trade-marks and trade-names and unfair competition ⬅21—Substantial adverse use prevents registration under ten-year clause.**

A substantial adverse use by the opposer, even if an infringing use of mark, prevents the registration of a trade-mark under the ten-year clause of the Trade-Mark Act (Comp. St. § 9490).

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. **Trade-marks and trade-names and unfair competition ⬅45½, New, vol. 7A Key-No. Series—Disclaimer of descriptive words unavailing, if they are dominating feature.**

Where the descriptive words constitute the distinctive and dominating feature of a trade-mark, a disclaimer of such words is not availing to prevent cancellation of mark.

4. **Trade-marks and trade-names and unfair competition ⬅45½, New, vol. 7A Key-No. Series—Parties not simulating trade-mark label can have trade-mark canceled as descriptive.**

A petitioner for the cancellation of a registered trade-mark, whose dominating feature is a descriptive word, is entitled to the relief asked, where his label uses the descriptive word, but shows that it was not an attempt to simulate the label of the registrant.

Appeal from the Commissioner of Patents.

Two petitions by B. F. Trappey & Sons against E. McIlhenny's Son, for the cancellation of two trade-marks. From decisions of the Commissioner of Patents, canceling the trade-marks, the registrant thereof appeals. Affirmed.

Francis M. Phelps, of Washington, D. C., and E. S. Rogers, of Chicago, Ill., for appellant.

William L. Symons, of Washington, D. C., for appellees.

ROBB, Associate Justice. These are appeals from decisions of the Patent Office sustaining appellees' petition for the cancellation of two trade-marks registered by appellant under the so-called ten-year clause of the Trade-Mark Act (Comp. St. § 9490). We here reproduce the mark involved in No. 1468, which differs from the mark in No. 1469 merely in the coloring employed:

In appellees' petition for cancellation it is averred that since 1896 it has continuously manufactured and sold in interstate commerce tabasco pepper sauce, and that since about 1898 it has used the following label on its goods:

In its answer appellant, while admitting that its registration was under the ten year clause of the Trade-Mark Act, denies "that the words 'Tabasco Pepper Sauce' are properly applicable to petitioners' said product, and denies that the same have ever been used by petitioners, except in violation of McIlhenny Company's rights." It further avers that "independently of said registration it has and claims the exclusive right to the words 'Tabasco' and 'Tabasco Sauce.'"

[1] In McIlhenny v. New Iberia E. of T. P. Co., 34 App. D. C. 430, which involved an application for the cancellation of the word "Tabasco" registered by the appellant herein, we ruled that the word, being geographic and descriptive, could not be appropriated as a technical trade-mark. This view was adopted by

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the Supreme Court of Louisiana. New Iberia E. of T. P. Co. v. E. McIlhenny's Son, 132 La. 149, 61 South. 131.

We directed attention in our former opinion to the significant fact that no application for registration of the word "Tabasco" was made by the McIlhenny Company until after the expiration of the term of its monopoly under the patent dated September 27, 1870, for improvement in pepper sauce. In the specification of that patent it is stated that the invention "relates to a new process of preparing an aromatic and strong sauce from the pepper known in the market as Tabasco pepper. This pepper is as strong as Cayenne pepper, but of finer flavor. * * * One or two drops of it will be sufficient for any dish."

In McIlhenny Co. v. B. F. Trappey, —— App. D. C. ——, 277 Fed. 615, present term, our attention was invited to an article entitled "Pepper" in the Western Horticultural Review of March 7, 1853 (in the Library of Congress), in which it is stated that a Col. White of Louisiana had "introduced the celebrated tabasco red pepper, the very strongest of all peppers of which he has cultivated a large quantity with a view of supplying his neighbors, and diffusing it through the state. * * * It is exceedingly hot, and but a small quantity of it is sufficient to pepper a large dish of food." The article then states that Col. White had "made a sauce or pepper decoction of it, which possesses in a concentrated and intense form, all the qualities of the vegetable, *a single drop of this sauce will flavor a whole plate of soup or other food.*" It thus appears that, as applied to pepper sauce composed principally of tabasco peppers, the words "Tabasco Pepper Sauce" are aptly descriptive, and hence not registrable as a common-law mark. In other words, we adhere to our earlier decision.

[2] It is now contended that appellees' use of the word "Tabasco" during the ten-year period (1895–1905) was an infringing use and therefore not a bar to registration under the ten-year clause. This contention is without merit, since appellees' use was substantial, open, and adverse. Davids Co. v. Davids, 233 U. S. 461, 466,[1] citing In re Cahn, Belt & Co., 27 App. D. C. 173, 177; Worster Brewing Corp. v. Rueter, 30 App. D. C. 428, 430, 431; In re Wright, 33 App. D. C. 510.

[3] In Beckwith v. Com. of Patents, 252 U. S. 538, 40 Sup. Ct. 414, 64 L. Ed. 705, cited by appellant, there was a disclaimer of the descriptive words of the trade-mark. Here the right to the exclusive use of the descriptive words is asserted. Moreover, in this case the descriptive words constitute the distinctive and dominating feature of the mark, so that a disclaimer would not help appellant. In the Beckwith Case it was recognized that the design of the trade-mark may be "so simple as to be a mere device or contrivance to evade the law and secure the registration of nonregistrable words," as in Nairn Linoleum Co. v. Ringwalt Linoleum Works, 46 App. D. C. 64, 69, cited by the Supreme Court. In other words, if the descriptive words dominate the mark a mere disclaimer will avail nothing.

[4] An examination of appellees' label shows that it is not attempting to simulate the label of appellant; that is to say, so far as this record discloses appellees are selling Trappey's Tabasco Sauce, as dis-

[1] 34 Sup. Ct. 648, 58 L. Ed. 1046.

tinguished from McIlhenny's Tabasco Sauce. Appellees therefore have the right to seek the cancellation of appellant's mark. Levy & Co. v. Uri, 31 App. D. C. 441. A refusal to cancel appellant's mark would amount to a ruling that no one other than appellant is entitled to sell, under its proper name, sauce made from tabasco peppers.

The decisions are affirmed.

Affirmed.

Mr. Justice HOEHLING, of the Supreme Court of the District of Columbia, sat in the place of Mr. Chief Justice SMYTH in the hearing and determination of this appeal.