### In re DEUTZ & ORTENBERG, Inc.

(Court of Appeals of District of Columbia. Submitted January 18, 1924. Decided March 3, 1924.)

#### No. 1637.

Trade-marks and trade-names and unfair competition ☞43—Words "House of France" not entitled to registration.

The Patent Office properly refused registration of the words "House of France," as a trade-mark for blouses, waists, gowns, and dresses, to one who was neither a French firm nor branch of a French firm, as it would be deceptive, and, even if it was such a firm, applicant would have no right to the exclusive appropriation of a term equally available to every real house of France doing business in this country.

Appeal from the Commissioner of Patents.

In the matter of the application of Deutz & Ortenberg, Inc., for the registration of a trade-mark. From a decision refusing registration, applicant appeals. Affirmed.

C. A. Weed, of New York City, for appellant.

Theodore A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before ROBB and VAN ORSDEL, Associate Justices, and SMITH, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from a decision of the Patent Office refusing registration of the words "House of France" as a trade-mark for blouses, waists, gowns, and dresses.

Applicant is a New York corporation, and alleges use of this mark since March of 1922. The Examiner of Interferences refused registration, on the ground that the mark merely has geographical significance, applicable to any business house located in France, and that, as applied to a house not located in France, it is deceptive. Responding

to this Office action, the applicant did not assert that its goods were made in France, but alleged that, as applied to the dresses and other articles of clothing upon which it was used, it was suggestive of that—

"good taste, style, line, and blend of colors which is essentially French, and is not merely significant of any 'business house in France.' * * * Since, therefore, Paris has been considered the acme of perfection in style, a trademark such as applicant's suggesting the emulation of French lines and style as the distinguishing feature of applicant's goods, would act to create a demand for his goods, and therefore accomplish the purpose of the trade-mark."

The Assistant Commissioner, in disposing of the case, said:

"Applicant's mark is believed to clearly indicate to the average purchaser that the wearing apparel, gowns, waists, etc., were imported from a business house in France. The use of the word 'house' to indicate a commercial or importing house is well known. When such word is applied to wearing apparel, the inference is at once drawn that the apparel came from that commercial or business place. When the statement is added that this is a commercial place of France, the conclusion is fairly reached by the average purchaser in this country that the clothing was imported from a business house located in France. In this sense, therefore, the mark would be clearly deceptive, unless such were the fact. The whole meaning of the mark is geographical as to origin of the goods."

That "House," as used in this mark, indicates an individual, firm, or corporation, is clear. The words "House of France," therefore, as clearly indicate a French firm or a branch of a French firm. Appellant is neither, and, even if it was, would have no right to the exclusive appropriation of a term equally available to every real house of France doing business in this country.

For the reasons stated in detail by the Patent Office, the decision is affirmed.

Affirmed.