AMERICAN WATCH IMPORT CO. v. WESTERN CLOCK CO.

·(Court of Appeals of District of Columbia.
Submitted November 9, 1926.  Decided
December 6, 1926.)

No. 1867.

1. Trade-marks and trade-names and unfair competition ⊜⇒9—"America" held not capable of exclusive appropriation as trade-mark at common law, though registerable under 10-year proviso of statute (Comp. St. § 9490).

"America," being geographical name, is not capable of exclusive appropriation as trade-mark at common law, though subject to registration under 10-year proviso of Act Feb. 20, 1905, § 5 (Comp. St. § 9490).

2. Trade-marks and trade-names and unfair competition ⊜⇒43—Trade-mark "Americus," for use on watches, held deceptively similar to "America," used on clocks.

Trade-mark "Americus," for use on watches, held so deceptively similar to trade-mark "America," used on clocks, as to prevent registration thereof.

Appeal from the Commissioner of Patents.

Proceeding by the American Watch Import Company for registration of a trade-mark, opposed by the Western Clock Company.  From a decree sustaining the opposition, applicant appeals.  Affirmed.

O. F. Barthel, of Detroit, Mich., for appellant.

E. S. Rogers, of Chicago, Ill., for appellee.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and HATFIELD, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice.  This is an appeal from a decision of the Commissioner of Patents, sustaining an opposition to the registration of a trade-mark.

The record discloses that on December 4, 1906, the appellee, the Western Clock Company, regularly obtained a registration in the Patent Office of its trade-mark, consisting of the name "America," for use upon clocks.  The registration was allowed under the proviso in section 5 of the Act of February 20, 1905 (Comp. St. § 9490), permitting the registration of marks which had been in the actual and exclusive use of the applicant or his predecessors for 10 years next preceeding the passage of the act.  The appellee has continued in the use of the registered mark, having sold more than 12,000,000 clocks bearing it, and having spent more than $700,000 in advertising its America clocks.

·On May 20, 1923, the appellant, the American Watch Import Company, filed an application in the Patent Office for registration of its trade-mark, consisting of the word "Americus," for use upon watches, claiming use of the mark in its business since June 1, 1922.

This application was opposed by the appellee as an attempted infringement of its prior mark; the appellee claiming that the goods in question, to wit, clocks and watches, were of the same descriptive properties, and that the substantial identity of the two marks would be likely to lead to confusion in the trade, to its damage.

The opposition was heard upon testimony, and was sustained by concurring decisions in the Patent Office, whereupon this appeal was taken.

[1] We think this decision was correct.  It is true the name "America" is a geographical name which is not capable of exclusive appropriation as a trade-mark at common law.  But it has been held that such a mark may be registered under the 10-year proviso of the Act of February 20, 1905.  Scandinavian Belting Co. v. Asbestos & Rubber Works (C. C. A.) 257 F. 937.  See also Thaddeus Davids Co. v. Davids, 233 U. S. 461, 34 S. Ct. 648, 58 L. Ed. 1046, Ann. Cas. 1915B, 322.

[2] The names "Americus" and "America" are obviously so similar as to be likely to cause confusion in the trade, if used upon goods having the same descriptive properties, such as watches and clocks.  This would probably lead to the appropriation by the later registrant of the good will built up by the opposer, to the injury and damage of the latter.  In N. Wolf & Sons v. Lord & Taylor, 41 App. D. C. 514, this court held that the registration, for knitted and textile underwear, of a trade-mark which is identical with a registered mark in use by the opposer for hosiery, will be denied as tending to mislead or confuse the purchasing public, and damage to the opposer need not be shown, since such a conflict implies damage, both to the opposer and to the public.  See, also, Oppenheim, Oberndorf & Co., Inc., v. President Suspender Co., 55 App. D. C. 147, 3 F. (2d) 88.

The record does not disclose any actual abandonment by appellee of its mark; nor do we find that appellee's mark was used as a "trade-mark" only, nor that appellee is estopped from maintaining its present opposition.

"This court has adopted a strict rule in refusing registration in all cases where the apparent similarity would probably lead to confuson in trade, holding that the field of

selection for marks is so broad that no necessity exists for the invasion of one trader upon even the apparent rights of another, and that the broadest protection will be afforded the purchasing, consuming public by the courts." Summit City Soap Works v. Standard Soap Co., 37 App. D. C. 604.

Upon a consideration of the entire record, we affirm the decision of the Commissioner of Patents.