## BLACK BAND CONSOL. COAL CO. v. GLENN COAL CO. et al.

Court of Appeals of District of Columbia.
Submitted May 9, 1927. Decided
May 26, 1927.

No. 1948.

Trade-marks and trade-names and unfair competition ⚖=3(4½), 9—"Black Band," as trade-mark for coal, held merely descriptive and geographical, and not susceptible of exclusive appropriation.

Trade-mark "Black Band," for use on coal, *held* merely descriptive and geographical, and not susceptible of exclusive appropriation.

Appeal from Commissioner of Patents.

Proceeding by the Glenn Coal Company and another for cancellation of trade-mark, opposed by the Black Band Consolidated Coal Company. From a decision of the Commissioner of Patents, canceling registration, opposer appeals. Affirmed.

V. E. Hodges, of Washington, D. C., for appellant.

A. A. Lilly, of Charleston, W. Va., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. Appeal from a decision canceling a trade-mark registration.

In July, 1923, appellant applied for registration of its alleged trade-mark "Black Band" for mined coal, alleging continuous use of the same in applicant's business since June 5, 1923. On April 1, 1924, registration was granted.

In September, 1924, the appellees instituted a cancellation proceeding, and in August, 1925, the Examiner of Interferences, after hearing the evidence, recommended that the registration be canceled. This decision was affirmed by the Commissioner of Patents, and the registration was canceled. The instant appeal was then taken.

A review of the record convinces us that in their essential particulars this case is similar to that of Montevallo Mining Co. v. Little Gem Coal Co. et al., 57 App. D. C. —, 17 F.(2d) 688, and the same decision is applicable. In that case Mr. Justice Van Orsdel, speaking for this court, said:

"It appears that situated in the Cahaba Valley in Alabama is the town of Montevallo. This town existed long prior to the discovery of deposits of coal in the Cahaba Valley. It further appears that appellant and appellee companies are both engaged in the coal-mining industry, extracting coal from the same seam, located in what is known as the Montevallo Basin, in the vicinity of the town of Montevallo. The mark is purely geographical, and is not subject, under the Trade-Mark Act, to registration by either company."

The underlying principles in the foregoing decision are applicable here. We are accordingly led to the conclusion, set out by the Commissioner, that "to the large number of people having to do with coal-mining operations and the marketing of coal the words 'Black Band' are merely descriptive and geographical, and that this information and knowledge was in the possession of such people long before respondent's predecessors entered the field," and that no exclusive right to the use of the terms is found to belong to respondent.

The decision of the Commissioner is affirmed.