GENERAL SHOE CORPORATION v. ROSEN.
No. 3649.

District Court, S. D. West Virginia, at Charleston.
Aug. 26, 1939.

Hirsch & Smith and Ernest P. Rogers, all of Atlanta, Ga., and Brown, Jackson & Knight and Herman Bennett, all of Charleston, W. Va., for plaintiff.

B. J. Pettigrew, Sam Silverstein, L. Steele Trotter, and R. K. Talbott, all of Charleston, W. Va., for defendant.

McCLINTIC, District Judge.

The plaintiff, General Shoe Corporation, brought this suit in equity to enjoin the defendant, Isadore Rosen, trading as The Friendly Men's Shop, from infringing its trade-marks "Friendly" and "The Friendly Five" and to enjoin defendant from further commission of certain alleged acts of unfair competition. Plaintiff merely seeks injunctive relief and is not asking for damages.

Plaintiff is a Tennessee corporation doing business under the name Jarman Shoe Company, and is engaged in the manufacture and sale of shoes. It came into existence in 1925, at which time it succeeded to the good will, business and trade-marks of the Jarman Shoe Company, a co-partnership, which business plaintiff has carried on continuously since that date. Plaintiff's predecessor, the co-partnership, in 1924 adopted and began to use as trade-marks for shoes of its manufacture the terms, "The Friendly Five" and "Friendly" and secured the registrations thereof in the United States Patent Office, effective December 12, 1925, to which trade-marks and registrations plaintiff duly succeeded, such successorship being properly recorded in the U. S. Patent Office.

From 1925 until about 1933, plaintiff used the trade-mark "The Friendly Five" upon its shoes and in the advertisement, promotion and sale thereof. Since 1933 the plaintiff has used the trade-mark "Friendly" upon its shoes, and the evidence indicates that plaintiff has made shoes with the trade-mark "The Friendly Five" on them only to a very limited extent since that time. Since 1936 the term "Friendly" has appeared on plaintiff's shoes almost exclusively in conjunction with the word Jarman, another of its trade-marks, and very seldom or never appears alone. The evidence indicates that plaintiff has spent over a million dollars in advertising and promoting the sales of its shoes with these trade-marks on them, and that its shoes are sold in every state in the United States.

Defendant is a resident of the City of Charleston, West Virginia, and since 1929 has operated retail men's furnishing stores in that city, first under the name "The Men's Shop," until the name was changed in 1935 to "The Friendly Men's Shop," which latter name was registered with the Secretary of State of West Virginia. A relatively small percentage of defendant's gross sales consisted of sales of shoes with his registered trade-name stamped thereon, until in the year 1936, after a protest by plaintiff, defendant stopped stamping this trade-name upon his shoes. In advertising

his business, defendant has used displays, signs and newspaper spreads, wherein the word "Friendly" was more prominently used than the words "Men's Shop" in conjunction with which it was used. Plaintiff contends that this is an infringement of its trade-marks and constitutes unfair competition.

■ Before passing to the merits of the case, it is first necessary to dispose of defendant's contention that this court has no jurisdiction of the matter. Defendant strongly urges that, in the absence of proof of infringement, there must not only be proof of diversity of citizenship, but also proof of the prerequisite jurisdictional amount of three thousand dollars, exclusive of interest and costs, in controversy to give this court jurisdiction upon the unfair competition count alone. He cites cases and text book authorities to the effect that the jurisdiction of a Federal Court depends solely on whether plaintiff's registered trade-mark is valid, and that if not, jurisdiction of the case, as one of unfair competition, cannot be assumed. It is sufficient to point out that the authorities relied upon state, and the cases cited involve, instances wherein there was no diversity of citizenship between the plaintiff and defendant. Such is not the case at bar. Plaintiff is a Tennessee Corporation and defendant is a resident of West Virginia. If there be no diversity of citizenship, a Federal Court would have no jurisdiction, regardless of the amount in controversy, on a charge of unfair competition alone. Bernstein v. Danwitz, C.C., 190 F. 604. But where there is an infringement of a registered trade-mark and a violation of the federal trade-mark statutes, federal courts have jurisdiction regardless of diversity of citizenship. 15 U.S.C.A. § 97.

■ However, where there is a diversity of citizenship, but the trade-mark is invalid or there has been no infringement, the jurisdictional amount in controversy must be satisfied to give a federal court jurisdiction of a case wherein plaintiff's right to injunctive relief is dependent solely upon unfair competition. Coca-Cola Co. v. Old Dominion Beverage Corp., 4 Cir., 271 F. 600, certiorari denied, 256 U.S. 703, 41 S.Ct. 624, 65 L.Ed. 1179. As heretofore noted, the diversity of citizenship is present in this case and objection is made only to the absence of the requisite amount in controversy.

■ The amount in controversy is dependent, not upon the amount of damages asked or the recovery of profits sought, but upon the value of the right which the plaintiff seeks to protect, and in this case it is the value of the good will and business which plaintiff alleges the defendant has borrowed and is using for the promotion of sales of goods of his own make. The plaintiff alleges that the value of the good will involved is in excess of ten million dollars, and that more than one million dollars has been spent in advertising. Under these circumstances, there is no question but that the values litigated exceed the jurisdictional amount. Del Monte Special Food Co. v. California Packing Corp., 9 Cir., 34 F.2d 774.

Coming now to the merits of the case, we find two questions that must be dealt with: First, is the word "Friendly" such a word as will be protected from infringement, either as a registered trade-mark or as a common-law trade mark, and, if so, has there been any infringement by the defendant? (The trade-mark "The Friendly Five" will not be discussed because we do not believe sufficient evidence has been introduced to show either use of it by defendant or use of it to any appreciable extent by plaintiff since defendant acquired the name "Friendly Men's Shop.") Second, is defendant guilty of unfair competition?

■ The word "friendly" is one of generic and descriptive nature, commonly and frequently used by all types of business in advertising. There are friendly banks, friendly restaurants, friendly theatres, friendly glasses and many other instances where the word "friendly" is used, not as a trade-mark, but as descriptive of either the treatment received in a place of business or the adaptability of a product being sold to the needs and comfort of the prospective customer. The court is of the opinion that such a word is not capable of being exclusively appropriated as a trade-mark, regardless of whether it has been registered in the U. S. Patent Office. In Shumaker on Trade-Marks, Vol. 1, Sec. 6, the author says: "No one has a right to appropriate a sign or symbol which from the nature of the fact it was used to signify, others may employ with equal truth and therefore have an equal right to employ for the same purpose." And in Section 57, the same author says: "Where the distinctive and dominating feature of a mark

is a descriptive word the mark is not registrable," citing E. McIlhenny's Sons v. B. F. Trappy & Sons, 51 App.D.C. 273, 278 F. 582; Saxlehner v. Eisner & Mendelson Co., 179 U.S., 19, 21 S.Ct. 7, 45 L.Ed. 60; Corbin v. Gould, 133 U.S., 308, 10 S.Ct. 312, 33 L.Ed. 611, and other cases; nor can such word or combination of words be exclusively appropriated where they relate to the quality, style, character, grade or grades of goods. Warner & Co. v. Lilly & Co., 265 U.S. 526, 44 S.Ct. 615, 68 L.Ed. 1161; Columbia Mill Co. v. Alcorn, 150 U.S. 460, 14 S.Ct. 151, 37 L.Ed. 1144; Brown Chemical Co. v. Myers, 139 U.S. 540, 11 S. Ct. 625, 35 L.Ed. 247.

Notwithstanding the fact, however, that a word such as the one here involved may not be initially appropriated exclusively as a valid trade-mark, it may, nevertheless, acquire a secondary meaning or significance in association with plaintiff's product which would entitle it to protection. The burden of proving such must rest upon the plaintiff, however. Hiram Walker & Sons v. Penn-Maryland Corp., 2 Cir., 79 F.2d 836; Kellog Toasted Corn Flake Co. v. Quaker Oats Co., 6 Cir., 235 F. 657. The court does not believe that plaintiff has made such a showing and in view of the fact that, as heretofore mentioned, the word "friendly" is so commonly used in advertising, that it is a word of a generic and descriptive nature, and that plaintiff has changed its trade-markings so often in the past ten or twelve years, we cannot see our way clear to find that plaintiff's use of the word "friendly" is entitled to protection.

This makes unnecessary an answer to the second part of the first question, i. e., whether there has been an infringement. But in passing, let us say that had we found that plaintiff was entitled to protection in the use of the word "friendly" we are still unable to discover wherein the defendant has infringed that right. Defendant operates three men's furnishing stores, all of which are in Charleston, West Virginia, and on the same street. His trade name is "The Friendly Men's Shop." The evidence in the case indicates that only a small percentage of his sales are shoes. He sells trousers, shirts and other articles of men's clothing in greater quantities than he sells shoes. For a short while he did stamp his trade-name upon the shoes he sold but the uncontradicted testimony is that he no longer does even that. We are unable to see how the use of the term "friendly" in defendant's trade-name and in advertising his stores by the use of that trade name could, in any manner, cause the public to be confused into believing that defendant was handling plaintiff's merchandise. It is undoubtedly law that the protection surrounding a trade-mark extends only so far as is necessary to prevent one from selling his goods as and for the goods of another and thus protect the owner of the trade-mark. Prestonettes, Inc., v. Coty, 264 U.S. 359, 44 S.Ct. 350, 68 L.Ed. 731; United Drug Co. v. Theodore Rectanus Co., 248 U.S. 90, 39 S.Ct. 48, 63 L.Ed. 141; A. Bourjois & Co. v. Katzel, 260 U.S. 689, 43 S.Ct. 244, 67 L.Ed. 464, 26 A.L.R. 567. "It is presumed that purchasers will act with ordinary care to see that they get what they want. The test is whether the similarity of trade-marks would mislead the ordinary observer. Ward Baking Co. v. Potter-Wrightington, 1 Cir., 298 F. 398." Hiram Walker & Sons v. Penn-Maryland Corp., 2 Cir., 79 F.2d 836, 839. Plaintiff has not met this test. Even if its trade-mark is a valid one, plaintiff would not be entitled to the protection sought in this proceeding because there has been no infringement.

So unless the charge of unfair competition is substantiated, we must deny plaintiff the relief sought.

Defendant's chief customers are people who cannot afford to buy expensive clothes. They are people who live in Charleston and the vicinity of Charleston, a great part of them being farmers. If any of them have ever heard or seen an advertisement of plaintiff's shoes, they probably have paid very little attention thereto. On the other hand, defendant has advertised his stores in local newspapers and over the local radio station, with the intention of reaching only those people living within twenty or thirty miles of his places of business. Every time a farmer living near Charleston goes into town he is apt to see defendant's stores. He sees them as a place where he can buy almost any article of clothing at a price which he can afford and without having to go into a different store for each article he desires to purchase. When he sees defendant's advertisement bearing the name "The Friendly Men's Shop" he does not associate it with shoes but with a complete furnishing

store. If he happens to buy a pair of shoes, along with other articles of clothing, in defendant's store, even if they are stamped with defendant's trade-name, he would have no idea whatsoever that he was buying plaintiff's product. If he noticed that the word "friendly" was prominent in the name he would think that it was so used prominently in defendant's trade-name because of its descriptive nature, that the shoe was friendly to his feet or friendly to his pocketbook. Surely the conveyance of such thoughts to the minds of the type of people who would ever notice, with more than passing interest, defendant's trade-name, cannot conceivably constitute unfair competition to plaintiff, which sells shoes only and on a nationwide scale. The evidence clearly indicates, and it is easily understood, that the people of Charleston and vicinity are much more cognizant of and familiar with the defendant's trade-name than with plaintiff's trade-mark, and would never be misled or confused into believing that defendant was selling plaintiff's products.

■ The court cannot find that the acts of defendant, complained of by plaintiff, were calculated to or have or will operate to confuse, mislead or deceive the public by the appropriation of the good will and business represented by plaintiff's trade-marks. "The true test of unfair competition is whether the acts of defendant are such as are calculated to deceive the ordinary buyer making his purchases under the ordinary conditions which prevail in the particular trade to which the controversy relates." 63 C.J., 399, Sec. 104. To constitute unfair competition, the acts of defendant must be such as will probably deceive the public with whom he deals. In the case at bar there is no probability of such confusion or deception because of defendant's use of the word "friendly" in his trade name among the people who are apt to purchase the goods he sells. The mere possibility that a chance purchaser might be deceived is not enough. Hence plaintiff's charge of unfair competition cannot be upheld.

The court being of the opinion that the word "friendly" is not such a word as could be exclusively appropriated as a valid trade-mark in connection with shoes, that if the contrary were admitted there has been no proof of infringement thereon by defendant, and that no unfair competition has been shown to exist, the injunctive relief sought by plaintiff is denied.