**KRAFT CHEESE CO. v. COE, Com'r of Patents.**

No. 8717.

United States Court of Appeals District of Columbia.

Argued Nov. 9, 1944.

Decided Dec. 18, 1944.

Mr. Cyril A. Soans, of Chicago, Ill., with whom Mr. Thomas L. Mead, Jr., of Washington, D. C., was on the brief, for appellant.

Mr. R. F. Whitehead, of Washington, D. C., with whom Mr. W. W. Cochran, Solicitor, United States Patent Office, of Washington, D. C., was on the brief, for appellee.

Before MILLER, EDGERTON and ARNOLD, Associate Justices.

ARNOLD, Associate Justice.

The sole question involved is whether the plaintiff is entitled to the words "Old English" in Gothic letters as a registered trademark for its cheese under the Act of 1905.[1] The Patent Office refused registration on the ground that the mark was merely geographical. The District Court dismissed the complaint seeking adjudication of the plaintiff's right to this trademark on the ground that the word "English" was geographical and the word "Old" was descriptive.

We believe the District Court was clearly right. Section 5 of the Act provides in part: "That no mark which consists * * * merely in words or devices which are descriptive of the goods with which they are used * * * or merely a geographical name or term, shall be registered under the terms of this subdivision * * *." The phrase "Old English" is clearly within this proviso. This court has repeatedly held that such terms cannot be registered.[2]

It is true that some cases have created a twilight zone by permitting the use of geographical terms which have acquired a secondary meaning in connection with a particular product. These are ordinarily the names of comparatively unknown places such as "Tabasco"[3] as applied to a pepper sauce or the arbitrary use of the term "American Girl" as applied to shoes.[4] In view of the wealth of possibility in the arbitrary use of artificial terms there seems little reason for a court to permit the registration of words which have a common ordinary significance to the casual purchas-

---

[1] Act Feb. 20, 1905, § 5, 33 Stat. 725, as amended, 15 U.S.C.A. § 85.

[2] "America" as applied to clocks, American Watch Import Co. v. Western Clock Co., 1926, 57 App.D.C. 7, 16 F.2d 347; "Black Band" as applied to coal, Black Band Consol. Coal Co. v. Glenn Coal Co., 1927, 57 App.D.C. 268, 20 F.2d 284; "House of France" as applied to dresses, In re Deutz & Ortenberg, Inc., 1924, 54 App.D.C. 265, 296 F. 1012; "Oriental Cream" as applied to a cosmetic lotion, In re Hopkins, 1907, 29 App.D.C. 118; "Quaker City" as applied to flour, Quaker City Flour Mills Co. v. Quaker Oats Co., 1915, 43 App.D.C. 260; "Old Lex-

ington Club" as applied to whiskey, Kentucky Distilleries & W. Co. v. Old Lexington Club Distilling Co., 1908, 31 App.D.C. 223.

[3] McIlhenny Co. v. Gaidry, 5 Cir., 1918, 253 F. 613. Contra: E. McIlhenny's Son v. B. F. Trappey & Sons, 1922, 51 App.D.C. 273, 278 F. 582; McIlhenny Co. v. Trappey, 1922, 51 App.D.C. 216, 277 F. 615; McIlhenny v. New Iberia Extract of Tabasco Pepper Co., 1910, 34 App.D.C. 430.

[4] Hamilton-Brown Shoe Co. v. Wolf Bros. & Co., 1916, 240 U.S. 251, 36 S. Ct. 269, 60 L.Ed. 629.

er. Some cases have permitted the registration of geographical terms where they considered them to refer to a period of history rather than a geographical area.[5] This is a tenuous distinction which we. do not think should be expanded.

Plaintiff relies upon the Supreme Court opinion in the Beckwith case [6] in which it was held that the phrase "Moistair Heating System" could be registered as part of a composite mark comprising the head of an Indian Chief named "Doe-Wah-Jack" even though the phrase itself was descriptive. No doubt if the phrase "Old English" had been an integral part of some peculiar design or seal such an arbitrary arrangement could have been registered. But that is not the case here. The only peculiarity of this trademark is the fact that plaintiff uses a familiar Gothic type.

The judgment of the court below is Affirmed.

---

[5] "Old South" as applied to beer, Southeastern Brewing Co. v. Blackwell, 4 Cir., 1935, 80 F.2d 607, certiorari denied 1936, 297 U.S. 717, 56 S.Ct. 591, 80 L.Ed. 1002; Gerhard Lang Brewery. v. Phoenix Brewery Corp., 29 T. M. Rep. 439 (N.Y.Sup.Ct., 1939) (infringement action). See Illinois Watch Case Co. v. Shulton, Inc., 40 U.S.P.Q. 560 (1939), reversed on other grounds, 1940, 111 F. 2d 298, 299 ("Early American" as applied to toiletries).

[6] Estate of P. D. Beckwith, Inc. v. Commissioner, 1920, 252 U.S. 538, 40 S.Ct. 414, 64 L.Ed. 705.