45 C.C.P.A.(Patents).
**Matter of the Application of CONTINEN-
TAL DISTILLING CORPORATION
(two cases).**

**Patent Appeal Nos. 6351, 6352.**

United States Court of Customs
and Patent Appeals.
April 11, 1958.

Leonard L. Kalish, Philadelphia, Pa.,
for appellant.

Clarence W. Moore, Washington, D. C.,
for the Commissioner of Patents.

Before JOHNSON, Chief Judge, and
O'CONNELL, WORLEY, RICH, and
JACKSON (retired), Judges.

WORLEY, Judge.

These appeals involve the decisions of
the Assistant Commissioner, acting for
the Commissioner of Patents, refusing to
accept affidavits of use filed by appellant
under the provisions of section 8 of the
Lanham Act (Trademark Act of 1946)
15 U.S.C.A. § 1058, in connection with
Registrations Nos. 530,781 and 530,780,
and ordering cancellation of said regis-
trations. The registrations are for the
words "Yankee" and "Clipper" respec-
tively, while the specimens submitted
with the affidavits show a sailing vessel,
surrounded by a circular border bearing
two stars and the words "Yankee Clipper
Blended Whisky." The affidavits were
refused on the ground the specimens did
not show trademark use of either "Yan-
kee" or "Clipper."

This is the first case to come before us
involving section 8 of the Lanham Act.
That section provides that the Commis-
sioner shall cancel any certificate of
trademark registration on the principal
register at the end of six years following
its date unless there is filed, within one
year next preceding such expiration, an
affidavit "showing that said mark is still
in use or showing that its nonuse is due
to special circumstances which excuse
such nonuse and is not due to any in-
tention to abandon the mark." The sec-
tion further provides that the Commis-
sioner shall notify the registrant who
files such an affidavit of his acceptance or
refusal thereof and, if the latter, the rea-
sons therefor.

The Assistant Commissioner, pointing
out that a specimen identical with those
here had been filed and accepted as show-
ing continuing use of appellant's trade-
mark "Yankee Clipper," for which reg-
istration No. 531,054 had been granted,

held that such specimens did not show individual trademark use of "Yankee" or "Clipper" alone. We are in agreement with that holding.

It is evident that the words "Yankee" and "Clipper" are not used separately as trademarks on the specimens, but convey the single unitary meaning of an American ship of the clipper type. The illustration of such a ship forms a prominent feature of the specimen and, as above noted, appellant has registered "Yankee Clipper" as a unitary trademark.

The instant situation is clearly distinguishable from that in In re Standard Underground Cable Co., 27 App.D.C. 320, relied on by appellant. There the mark sought to be registered was the word "Eclipse" which had been used on a label in conjunction with the words "Black Core" and certain background material illustrating an eclipse. It was held the applicant had the right to select and designate what he considered the essential feature of the mark. It is to be noted that "Eclipse" was a distinct and separable feature of the label. It did not modify another word and was not modified by other words, and it seems likely that the merchandise to which it was applied would have been asked for by the name "Eclipse." The decision is not authority for the proposition that one of two or more words which combine to give a unitary meaning may be arbitrarily selected as a trademark.

On the other hand, the situation is closely similar to that in Quaker City Flour Mills Co. v. Quaker Oats Co., 43 App.D.C. 260, in which an attempt was made to register "Quaker" as a trademark on the basis of use of the words "Quaker City." In refusing registration the court pointed out that "Quaker" alone had a meaning distinct from that of "Quaker City," and that the "mark as claimed" (Quaker) had not been used. That case was expressly distinguished from the Standard Underground Cable case on that basis, the court pointing out that if the word "Quaker" had merely been associated with separable or illustrative matter, such as a scroll or a picture of a man in Quaker dress, it could presumably have been registered alone. So in the instant case, the words "Yankee Clipper" as a unit may have been used as a trademark distinct from the words "Blended Whisky" or the picture of a ship; but neither "Yankee" nor "Clipper" has been so used separately.

The cases of Graves v. Gunder, 1908 C.D. 201; Tip Top Bottling Co. v. Jones, 1927 C.D. 1; and In re Servel, Inc., 181 F.2d 192, 37 C.C.P.A., Patents, 977, also relied on by appellant, are similar to the Standard Underground Cable case in that they involve the selection of a trademark as a word or words which were distinct and separable from those with which they had been associated in use. Thus in the Servel case, for example, it was held that "Servel" had been used as a trademark even though its only use had been as part of the term "Servel Inklings." In so holding, the court noted that "Servel" was "appellant's primary and technical trademark" and that "the word 'Inkling' is descriptive and in the public domain." The words, therefore, were clearly separable and the applicant had the right to eliminate the descriptive term "Inklings" in designating its mark. That is not the case here, since neither "Yankee" nor "Clipper" is descriptive as applied to whisky and neither has more trademark significance than the other.

 Appellant contends that it is well settled that a registration affords prima facie evidence of continuing use of the registered mark and that, therefore, the Commissioner cannot question its use of the marks involved. However, section 8 of the Lanham Act clearly requires the filing of an affidavit "showing that said mark is still in use," and imposes upon the Commissioner the duty of deciding whether such an affidavit is sufficient and of cancelling the registration if it is not. It is evident those express requirements cannot be superseded by any presumption that the mark is in use.

Appellant further contends that if its affidavits do not show trademark use of

its registered marks they should be accepted as excusing its nonuse. We are unable to see, however, how the fact that a word has been used as an essential part of a composite trademark excuses the failure to use it alone.

In our opinion, the specimens submitted by appellant disclose the use of "Yankee Clipper" as an integral mark and do not show that either "Yankee" or "Clipper" alone has ever been used as a trademark. The Assistant Commissioner, therefore, properly refused to accept appellant's affidavits and ordered cancellation of the registrations involved in the instant appeals.

The decisions of the Assistant Commissioner are affirmed.

Affirmed.

JACKSON, J., retired, recalled to participate was present at the hearing of this appeal but did not participate in the decision.